### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| CTP INNOVATIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| DATAMATX, INCORPORATED, ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

### COMPLAINT FOR PATENT INFRINGEMENT
_____

Plaintiff CTP Innovations, LLC, for its Complaint against Defendant DATAMATX, Incorporated, states as follows:

## I.  THE PARTIES

1.    Plaintiff CTP Innovations, LLC ("CTP") is a Delaware limited liability company.

2.    Upon information and belief, Defendant DATAMATX, Incorporated ("Defendant") is a corporation, with its principal place of business located at 3146 Northeast Expressway NE, Atlanta, Georgia 30341-5345.  Upon information and belief, Defendant does business in the State of Georgia, including in this District, and is registered to conduct business in Georgia with the Georgia Secretary of State.  Defendant may be served with

process through service upon its registered agent, Harry P. Stephens, 3146 Northeast Expressway, Atlanta, Georgia 30341.

## II.  NATURE OF ACTION

3.    This is a patent infringement action to stop Defendant's infringement of U.S. Patent Nos. 6,611,349 (the "'349 Patent") and 6,738,155 (the "'155 Patent").

## III.  JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Patent Laws of the United States, United States Code, Title 35.

5.    Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, Defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed acts of patent infringement in this district.

6.    On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Georgia Long Arm Statute, due at least to its substantial business in this forum including but not limited to: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Georgia and in this district.

## IV.  CAUSES OF ACTION

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,611,349

7.    CTP owns, by assignment, the '349 Patent entitled "System and Method of Generating a Printing Plate File in Real Time Using a Communication Network."   A true and correct copy of the '349 Patent is attached hereto as Exhibit 1.

8.    Upon information and belief, Defendant, in violation of 35 U.S.C. § 271, has infringed, literally or through the doctrine of equivalents, and continues to infringe the '349 Patent through Defendant's making, using, selling, and/or offering for sale in the United States, and specifically in this district, printing and publishing services that implement systems and/or methods that fall within the claims of the '349 Patent.

9.    Defendant has had actual notice of the '349 Patent since at least as early as its receipt of a letter from CTP's counsel regarding infringement of the '349 Patent sent on April 19, 2013.

10.   On information and belief, Defendant will continue to infringe the '349 Patent unless enjoined by this Court.

11.   On information and belief, Defendant's infringement of the '349 Patent is, has been, and continues to be willful and deliberate.

12.   As a direct and proximate result of Defendant's infringement of the '349 Patent, CTP has been and continues to be damaged in an amount yet to be determined.

13.   Unless Defendant's ongoing infringement is enjoined, CTP will suffer irreparable injury for which there is no adequate remedy at law.

14.   This is an exceptional case such that CTP should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendant.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,738,155

15.   CTP incorporates the preceding paragraphs as though fully set forth herein.

16.   CTP owns, by assignment, the '155 Patent entitled "System and Method of Providing Publishing and Printing Services Via a Communications Network."   A true and correct copy of the '155 Patent is attached hereto as Exhibit 2.

17.   Defendant, in violation of 35 U.S.C. § 271, has infringed, literally or through the doctrine of equivalents, and continues to infringe the '155 Patent through Defendant's making, using, selling, and/or offering for sale in the United States, and specifically in this district, printing and publishing

services that implement systems and/or methods that fall within the claims of the '155 Patent.

18.    Defendant has had actual notice of the '155 Patent since at least as early as its receipt of a letter from CTP's counsel regarding infringement of the '155 Patent sent on April 19, 2013.

19.    On information and belief, Defendant will continue to infringe the '155 Patent unless enjoined by this Court.

20.    On information and belief, Defendant's infringement of the '155 Patent is, has been, and continues to be willful and deliberate.

21.    As a direct and proximate result of Defendant's infringement of the '155 Patent, CTP has been and continues to be damaged in an amount yet to be determined.

22.    Unless Defendant's ongoing infringement is enjoined, CTP will suffer irreparable injury for which there is no adequate remedy at law.

23.    This is an exceptional case such that CTP should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Defendant.

## V.  REQUEST FOR RELIEF

Wherefore, CTP requests the following relief:

1.    A judgment in favor of CTP that Defendant has infringed the '349 Patent and that such infringement was willful;

2.    A judgment in favor of CTP that Defendant has infringed the '155 Patent and that such infringement was willful;

3.    A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all other actors acting in active concert therewith from infringing the '349 Patent;

4.    A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all other actors acting in active concert therewith from infringing the '155 Patent;

5.    A judgment and order requiring Defendant to pay CTP its damages in an amount not less than a reasonable royalty, treble damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '349 Patent, as provided under 35 U.S.C. § 284;

6.    A judgment and order requiring Defendant to pay CTP its damages in an amount not less than a reasonable royalty, treble damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '155 Patent, as provided under 35 U.S.C. § 284;

7.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding to CTP its reasonable attorney fees and expenses; and

8.   Any and all other relief that the Court deems just and proper.

Respectfully submitted,

BAKER,  DONELSON,  BEARMAN,
CALDWELL & BERKOWITZ, P.C.

  /s/     L. Clint Crosby
L. Clint Crosby, GA Bar No. 197877
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone: (678) 406-8702
Fax: (678) 406-8802
Email: ccrosby@bakerdonelson.com

*Attorney for CTP Innovations, LLC*

Of Counsel:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

Samuel F. Miller, TN BPR No. 22936
Maia T. Woodhouse, TN BPR No. 30438
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5594
Fax:  (615) 744-5594
Email: smiller@bakerdonelson.com
Email: mwoodhouse@bakerdonelson.com

*Attorneys for CTP Innovations, LLC*